Andrew McClain, J.,
delivered tbe opinion of tbe Court.
Tbe bill in tbis case, was filed by twelve of tbe citizens of Davidson County, residing near each other, and near the road of defendant.
Complainants in tbis bill, allege that, in tbe year *253 1848, tbe defendant agreed with them and other citizens, living in the same community, that if they could procure a certain county road, running near and para-lell with defendant’s road, and crossing it, to be closed and discontinued, so as to impose the necessity on people traveling the county road to pass through defendant’s second toll-gate, that complainants and their neighbors should pass this second gate without paying toll.
Complainants insist that they procured the proper orders from the County Court, and closed, changed and altered the road required by the company, so as to turn the travel on this county road through this second gate.
Complainants charge that, notwithstanding they have complied with their part of the agreement, that defendant having secured all the benefit of the contract by this change of the road, is now, and has been, exacting toll from them, contrary to the agreement, and has brought suits before a justice of the peace, to enforce collection.
The bill is filed to enjoin these proceedings, and to enforce the execution of the contract on the part of defendant, by restraining it. from further exaction of toll, contrary to the agreement.
We think the contract is void for uncertainty.
The understanding of the defendant as to what the agreement was, seems- to be indicated in a resolution passed by the Board of Directors, which is as follows:
“Resolved, That the secretary pay one hundred and fifty dollars towards making' a road from Unity meeting-house to Marshall’s mill, so soon as the same shall *254 be opened by order of court; and the old Person’s road, down the creek from Marshall’s mill, be discontinued, and the property-holders shut it up; and they agree that all living above said point, that have heretofore traveled said road, be allowed to pass the second gate without toll, and those below having gone that road to mill or church, be allowed to pass on the same terms.”
This resolution, vague and uncertain as it is, indicates more nearly who the contracting parties were, than can be found elsewhere in this record.
It appears in an affidavit upon, an application for rehearing below, that Gilbert Marshall is the only one of the complainants, who, in person, contracted with the defendant.
It appears that he contracted for himself and the other complainants, and the citizens living above Marshall’s mill. W. B. Ewing says: that, after the turnpike road had been in operation a few years, a proposition was made to the Board of Directors by some of the citizens — he does not recollect who — living above Marshall’s mill, that if the turnpike company would, &c.
We think it is not ascertained, with sufficient certainty, who are the citizens intended to be included: Hilliard on Vend., 51; Webster vs. Ela, 5 New Hampshire, 540; Sargent vs. State Bank, 12 Howard, 371.
We are. content to place the decision of the case on this ground; but it is by no means clear that the contract is not in contravention of public policy, and void upon that ground.
The Act of Assembly, incorporating this defendant, in the 4th section, provides that nothing in this Act *255 shall be so construed as to authorize the County Court of Davidson County to discontinue any part of the old road, called the “White’s Creek road.”
This White’s Creek road is the road complainants agreed to procure the County Court to discontinue.
The most liberal construction that can be placed upon this provision of the Act, in reference to this road, would be, that the further continuance of this road should not be deemed to impair any of the rights granted to defendant.
Placing this construction upon it, it is by no means clear that complainants could, without, contravening public policy, procure a road in which the public interest is involved, to be closed, in consideration that the defendant would grant them the privilege of passing its gate without toll.
We deem it unnecessary, however, to- determine this question, as we are satisfied to rest our determination of the case on the first point.
Let the decree of the Chancellor be affirmed, and the bill dismissed.